**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR SANCHEZ, | No. 13-72160 |
| Petitioner, | Agency No. A092-344-991 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2016[**]
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Oscar Sanchez seeks review of the Board of Immigration Appeals'

("BIA") decision to dismiss his appeal from an immigration judge's finding that he

had been convicted of an offense relating to a controlled substance. We dismiss.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

The BIA properly found that Petitioner's 2001 offense was "related to a controlled substance." As the BIA noted, the evidence of record demonstrated that Petitioner was convicted for possession of cocaine in 2001: "Count 1" of the Felony Complaint alleged that Petitioner "unlawfully possess[ed] a controlled substance, to wit, cocaine" in violation of California Health and Safety Code section 11350(a); the Guilty Plea noted that Petitioner pleaded guilty to "Count 1" relating to his charge under "H&S 11350"; and the Minute Order showed that Petitioner pleaded guilty to "Count 01: 11350(A) H&S FEL." **AR 88, 85, 82.** Taken together, these documents established that his conviction related to a controlled substance.

This case is indistinguishable from United States v. Leal-Vega, 680 F.3d 1160, 1168 (9th Cir. 2012). There, we held that a felony complaint, in which "Count 1" charged the petitioner with possession of "a controlled substance, to wit, *TAR HEROIN*" in violation of California Health and Safety Code section 11351, established that the petitioner had possessed tar heroin—and, therefore, possessed a controlled substance—when viewed alongside an abstract of judgment stating that the petitioner was convicted of "count 1 under HS 11351P"; a minute order that showed he pleaded guilty to "Count(s) 1" and that his charges for that count were under "11351 HS–FC"; and a felony plea form in which he pleaded guilty to

"11351 H&S." <u>See also</u> <u>Cabantac v. Holder</u>, 736 F.3d 787, 794 (9th Cir. 2013) (per curiam) ("[W]here, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.").

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1182(a)(2). That statute, in turn, provides that an alien who has been convicted of a controlled substance offense is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i)(II). Accordingly, we must dismiss the petition.

**Petition DISMISSED.**